IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF KANSAS
AT WICHITA, KANSAS

| | | |
|---|---|---|
| **L.B. a minor, by and through His parents HANH AND CONRAD BROCKETT** | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 6: 23-CV-01041-EFM-GEB |
| **VS.** | ) ) ) | |
| **DAMARIS ORTIZ** | ) ) ) | |
| Defendant. | ) | |

## ORDER APPROVING SETTLEMENT AGREEMENT WITH MINOR

The above-captioned matter comes before the Court on Plaintiffs' oral request to approve a settlement of a minor plaintiff. The plaintiffs are the following: L.B., a minor; Hahn Brockett, individually, and as natural guardian of L.B.; and Conrad Brockett, individually, and as natural guardian for L.B. L.B. appears by and through the natural parents, Hahn and Conrad Brockett, and by and through counsel, William L. Barr. Hahn and Conrad Brockett appear by and through counsel, William L. Barr. Defendant, Damaris Ortiz, appears by and through her attorney, Joseph T. Welsh. The Honorable Eric F. Melgren presides. There are no other appearances, and none are required.

WHEREUPON, the Court, after having reviewed the file, and being advised by the parties that a full, final, and complete settlement of this matter has been agreed upon by the parties subject to the approval of the Court, and being otherwise fully advised in the premises, finds, orders and adjudges the following:

1. Jurisdiction is proper in this Court based upon the facts set forth below.

2. The parties stipulate to venue in the United States District Court of Kansas. The Court has inquired and finds that the parties' stipulation to venue is knowing and voluntary and the Court hereby approves the same.

3. Plaintiffs allege that Damaris Ortiz was negligent while providing daycare services for L.B.

4. The parties have entered into a settlement agreement to resolve Plaintiffs' claims which involves payment to and on behalf of the minor (the "Settlement Agreement").

5. The parties have stipulated to the admission of the Settlement Agreement and request that the Court approve the proposed settlement on behalf of Plaintiffs.

6. The Court has reviewed the Settlement Agreement. It is attached to this Order and marked Exhibit "A".

7. The Court finds that Hahn and Conrad Brockett are the proper persons to act on behalf of the minor and that they are competent to enter into the Settlement Agreement and to appear in these proceedings.

8. Additionally, the parties have stipulated to the admission into evidence of the joint affidavit of Hahn and Conrad Brockett, which is attached hereto as Exhibit "B." The Court finds the testimony set forth in Exhibit B to be credible, and Exhibit B is hereby incorporated into this Order as if set forth fully herein.

9. The Court further finds that Plaintiffs have reached an informed decision to enter into the Settlement Agreement, that they believe the Settlement Agreement to be in the best interest of L.B., and that the natural guardians of L.B. are aware that there may be outstanding medical

bills in excess of the settlement amount. The natural guardians are fully aware of the releases and covenants contained therein and the effect of such releases and covenants, including the effect such releases and covenants have on the ability of L.B. to raise any claims arising out of any provision of alleged negligent daycare services by Damaris Ortiz.

10. Plaintiffs have agreed to enter into this Settlement Agreement based on representations from Damaris Ortiz that she does not have insurance and that her personal assets are de minimis.

11. The Court further finds that the Settlement Agreement was entered into free from fraud, coercion, and duress by any of the parties, their agents or attorneys, and that the Settlement Agreement is in all respects fair, just, and equitable, and in the best interest of the minor, L.B.

12. The Court makes no ruling on the issue of fault in this matter. Nothing in this order or the Settlement Agreement shall be construed as an admission of fault by Defendant.

13. In accordance with K.S.A. 38-152, Hahn and Conrad Brockett and William L. Barr affirmatively represent to the Court they will deposit all settlement monies received on behalf of L.B., which is $5,000, less costs of $1,826.55; and the remaining $3,173.45 payable to the restricted account for L.B. a minor, to be deposited into the restricted account for the minor child at Equity Bank pursuant to K.S.A. 59-3055. In the event that a restricted account for the benefit of L.B. is chosen by Plaintiffs, the restricted account shall not allow for the withdrawal of the funds, except by the following: 1) an order from this Court; 2) upon L.B. reaching the age of majority; or 3) upon L.B.'s death. Plaintiffs shall file with this Court confirmation of which they have done within thirty (30) days of this Order being entered.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

A. The findings of this Court, as enumerated above, be and the same are hereby made a part hereof and become the order, judgment, and decree of this Court;

B. Hahn and Conrad Brockett are the proper persons to act on behalf L.B., in entering into the Settlement Agreement;

C. The Settlement Agreement entered into by Hahn and Conrad Brockett, on behalf of L.B., a minor, is fair, just, and equitable, and is approved;

D. The Settlement Agreement is approved without ruling on the issue of fault;

E. The parties are ordered and directed to comply with all terms described in the Settlement Agreement, and in accordance with the terms and conditions of the Settlement Agreement and Release of All Claims, which has been approved and incorporated into this Order by the Court;

F. The Court takes note that any claim for attorney fees have been waived by Plaintiffs' counsel, and that the legal costs of $1,826.55 are found to be fair and reasonable and are approved;

G. The settlement and distribution of funds as set forth in the Settlement Agreement are found to be in the best interest of the minor and are approved.

H. William L. Barr, in accordance with K.S.A. 28-152, and in conjunction with Hahn and Conrad Brockett, will either: i) deposit the settlement monies received on behalf of L.B., less $1,826.55 for legal expenses, into a restricted account which may only permit withdrawals from the account in the event of an order from this Court; L.B. has reached the age of majority, or upon L.B.'s death; or ii) purchase an annuity from the issuer with sole beneficiary being L.B. Counsel

for Plaintiffs shall file with the court confirmation of what Plaintiffs' Counsel has done within 30 days of this Order being entered.

I. That counsel for Plaintiffs is hereby directed to execute and file a Stipulation of Dismissal in compliance with the terms of the Settlement Agreement upon receipt of the settlement proceeds from Defendant;

J. That upon compliance with the terms of the Settlement Agreement, and without limitation, any and all claims of the Plaintiffs, L.B., Hahn Brockett, individually and as natural guardian for L.B., and Conrad Brockett, individually, and as natural guardian of L.B. against Defendant, whether known or unknown, arising from the alleged negligent provision of daycare services by Defendant, are hereby forever released and discharged as specified in the Settlement Agreement;

K. That each party shall bear their own costs in this action.

IT IS FURTHER ORDERED based on this Order and Exhibits, this case is now closed.
IT IS SO ORDERED.

Dated this 8th day of February, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

APPROVED BY:

/s/ William L. Barr, Jr.
William L. Barr, Jr., #26775
10111 E. 21st Street, Suite 204
Wichita, KS 67206
(316) 684-4400
(316) 684-4405 – Fax
bill@bullattorneys.com
*Attorney for Plaintiffs*


 /s/ Joseph T. Welsh
Joseph T. Welsh #27581
207 S. Inman St.
P.O. Box 606
Sublette, Kansas 67877
(620) 510-5030
(620) 510-5029 – Fax
joe@jtwelshlaw.com
*Attorney for Defendant*